[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The Commissioner's motion for reconsideration, filed pursuant to P.B. § 11-11, and dated January 7, 2003 is granted in part and denied in part:
(1) The request that the court decide the remaining issue, the requirement of negotiation by the parties prior to condemnation, is granted. The court finds that precondemnation negotiation requirements do not apply to highway projects commenced pursuant to C.G.S. § 13a-73. Therefore, the appellants' challenge to the validity of the underlined condemnation is without merit.
(2) The request that the court reevaluate its position on the timeliness of the assessment appeal, based on Commissioner of Transportation v. Kahn, 262 Conn. 257 (2003) is denied. This Supreme Court opinion was released on January 7, 2003, subsequent to this court's memorandum of decision of October 9, 2002 addressing the jurisdictional issue. It is also subsequent to the date of the court's decision on the substantive issues in this case, December 31, 2002.
Firstly, Kahn holds that the failure to file an assessment appeal pursuant to § 13a-76 within the six month period stated therein does not implicate subject matter jurisdiction. The statute does not create a new right with a limit on the enforcement of the right but rather prescribes a procedure for vindicating the common law right to just compensation for taking of property by eminent domain. Commissioner ofTransportation v. Kahn, supra, 267. Accordingly, the court was not deprived of its jurisdiction to hear this case.
Secondly, Kahn stands, in part, for the proposition that the state cannot, consistent with due process, strip an individual of a protected property interest for reasons beyond the complainant's control. "Indeed, not only would it be manifestly unfair to preclude [the appellants] from CT Page 579 obtaining fair compensation for the property taken simply because of the trial court's failure to adhere to the notice requirements under the statute, . . . such a conclusion would raise serious due process concerns." (Emphasis in original) Commissioner of Transportation v. Kahn, supra, 275-276. The reasoning in Kahn concerning the obligation of the court to notify the Commissioner of the appellants' appeal applies equally to the court's statutory requirement to give mail notice of the Commissioner's assessment to the property owners.
Finally, although the Kahn court found that the Commissioner had received actual notice of the appellants' appeal, this court has found, as a question of fact, that the appellants never received the statutory notice of assessment from the Superior Court, and did not have or receive actual notice of the filing of the assessment until March 22, 2001, when they received a faxed copy of the notice of assessment directly from the Commissioner.
Accordingly, the Commissioner's motion for reconsideration of the issue of the timeliness of the owners' appeal is denied.
So Ordered.
 ___________________ D'ANDREA, J.T.R.
CT Page 580